| | | | |
|---|---|---|---|
| PAUL ALSTON | 1126 | LOUIS ERTESCHIK | 5241 |
| KRISTIN L. HOLLAND | 10063 | HAWAI`I DISABILITY RIGHTS CENTER | |
| MAILE OSIKA | 9826 | 1132 Bishop Street, Suite 2102 | |
| GEORGE TRAN | 10911 | Honolulu, HI  96813 | |

Telephone: (808) 949-2922

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:  paul.alston@dentons.com
    kristin.holland@dentons.com
    maile.osika@dentons.com
    george.tran@dentons.com

Facsimile: (808) 949-2928
E-mail: louis@hawaiidisabilityrights.org

Attorneys for Plaintiff
HAWAI`I DISABILITY RIGHTS CENTER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| HAWAI`I DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its constituents,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTINA KISHIMOTO, in her official capacity as Superintendent of the State of Hawai`i, Department of Education; and PANKAJ BHANOT, in his official capacity as Director of the State of Hawai`i, Department of Human Services,<br><br>Defendants. | Case No. CV18-00465 LEK-RLP<br><br>**PLAINTIFF HAWAI`I DISABILITY RIGHTS CENTER'S SCHEDULING CONFERENCE STATEMENT;** CERTIFICATE OF SERVICE<br><br><u>Rule 16 Scheduling Conference:</u><br>Date:   January 28, 2019<br>Time:  9:30 a.m.<br>Judge: Hon. Richard L. Puglisi<br><br>No Trial Date |

# PLAINTIFF HAWAI`I DISABILITY RIGHTS CENTER'S SCHEDULING CONFERENCE STATEMENT

Plaintiff Hawai`i Disability Rights Center ("**Plaintiff**" and/or "**HDRC**") hereby submits its Scheduling Conference Statement pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 16.2(b) for the United States District Court for the District of Hawai`i, and the Court's Order Setting Rule 16 Scheduling Conference from November 28, 2018 [Dkt. No. 6].[1]

## I.   NATURE OF THE CASE

On November 28, 2018, Plaintiff filed this suit against CHRISTINA KISHIMOTO, in her official capacity as Superintendent of the State of Hawai`i, Department of Education; and PANKAJ BHANOT, in his official capacity as Director of the State of Hawai`i, Department of Human Services (together, "**Defendants**") pursuant to 42 U.S.C. § 1983 for injunctive and declaratory relief [Dkt. No. 1].  Plaintiff brings this suit on behalf of its constituents who are children and young adults in Hawai`i diagnosed with Autism Spectrum Disorder ("**Autism**") who require some level of Applied Behavior Analysis ("**ABA**") services during the school day.  Plaintiff alleges, among other things, that

---

[1] The Court's Docket Text associated with Dkt. No. 6 provides that the Scheduling Conference before Magistrate Judge Richard L. Puglisi (RLP), the Magistrate Judge assigned to this case.  However, the corresponding Order Setting Rule 16 Scheduling Conference mistakenly indicates that the Scheduling Conference is with Magistrate Judge Kenneth J. Mansfield.  Plaintiff has since confirmed with the Court that the conference is with Magistrate Judge Richard L. Puglisi.

Defendants, jointly and individually, discriminate against these individuals based on their Autism disability and the services they need, fail to accommodate ABA services during school hours in violation of federal and state laws, are predetermined or otherwise content not to provide sufficient or adequate ABA services for these students during the school day, and have ignored federal mandates that require such state departments to work together so as not to reduce services that they must provide.  Plaintiff alleges that Defendants' actions violate (1) the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.) (ADA); (2) Section 504 of the Rehabilitation Act (29 U.S.C. § 701 et seq.) (Section 504); (3) the Medicaid Act's Early and Periodic Screening, Diagnostic and Treatment mandate (42 U.S.C. § 1396 et seq.) (EPSDT); and (4) the Individuals with Disabilities Education Act (20 U.S.C. § 1400 et seq.) (IDEA).  Defendants' acts and omissions impact and are causing ongoing irreparable harm to at least 1,900 students with Autism in the State of Hawai`i.

## II.     JURISDICTION AND VENUE

Federal subject matter jurisdiction exists under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights) as well as 42 U.S.C. §1983 (civil action for deprivation of rights).  Venue is proper in the District Court of Hawai`i pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the State of Hawai`i, and subject to 28 U.S.C.

§ 1391(c) because Defendants reside in the State of Hawai`i and are subject to this Court's personal jurisdiction.

### III.    JURY TRIAL

Plaintiff seeks injunctive and declaratory relief. No party has demanded a jury trial.

### IV.    DISCLOSURES

On January 7, 2019, the Parties' counsel conferred in person pursuant to FRCP Rule 26(f). Plaintiff is also filing a separate Report of the Parties' Planning Meeting pursuant to FRCP Rule 26(f) and LR26.1(b) (the "**Report**"). There are no additional issues regarding the appropriateness, extent, and timing of initial disclosures that are not already covered in the Report. Plaintiff will serve its initial disclosures upon Defendants pursuant to FRCP Rule 23(a)(1).

### V.    DISCOVERY, MOTIONS, AND HEARING DATES

On November 28, 2019, Plaintiff filed a Motion for Preliminary Injunction ("**Motion**") [Dkt. No. 8]. The hearing on the Motion was originally set for January 8, 2019. The Motion is fully briefed. Following a status conference with Judge Leslie E. Kobayashi on December 27, 2018, the hearing date was vacated for the parties to submit additional letter briefs to the Court regarding expected witnesses and exhibits at the evidentiary hearing on the Motion. The Court also granted Plaintiff's request for early, but limited, FRCP Rule 30(b)(6)

3
10112670\000001\109974122\V-2

depositions of Defendants' designees.  The parties were further ordered to meet and confer on the dates and FRCP Rule 30(b)(6) topics.  A new hearing date for the Motion has not yet been set, but Plaintiff requested a hearing date after the depositions.

On January 7, 2019, the parties, through their respective counsel, met and conferred in person to discuss the topics pursuant to FRCP Rule 26(f) and proposed dates and logistics for the FRCP Rule 30(b)(6) depositions.  Also on January 7, 2019, Plaintiff served requests for production of documents upon both Defendants.  Defendants' written responses to those document requests are currently due on or before February 6, 2019.

On January 8, 2019, Plaintiff submitted its letter brief regarding witnesses and exhibits for the evidentiary hearing on the Motion to the Court [Dkt. No. 27].  On January 15, 2019, Defendants submitted their respective letter brief regarding witnesses and exhibits to the Court [Dkt. No. 28].  Plaintiff requested that Defendants produce all of the exhibits listed in Defendants' exhibit list and the parties are both currently working to coordinate the exchange of their respective exhibits.

On January 17, 2019, this Court entered the parties Stipulated Protective Order [Dkt. No. 29]. Upon receipt of fully-executed parent consent forms[2] and subject to the terms of the Stipulated Protective Order, Defendants have agreed to produce to Plaintiff the student records and files of the HDRC constituents whose parents submitted declarations in support of Plaintiff's Motion.

On January 17, 2019, the Court directed the parties to schedule a status conference with the Court at the conclusion of the FRCP Rule 30(b)(6) depositions that are expected to take place in February 2019 to discuss the proposed duration of the evidentiary hearing, the proposed witnesses and their anticipated testimony, and the exhibits identified in the letter briefs [Dkt. No. 30].

The parties have recently agreed on February 14, 2019 as the date for the FRCP Rule 30(b)(6) depositions of Defendants' designees. Plaintiff will notice the depositions accordingly.

No other motions are currently pending.

---

[2] Pursuant to this Court's Order Regarding Discovery Letter Briefs, entered on December 18, 2018 [Dkt. No. 15], Defendants provided consent forms required to release student records to Plaintiff. To date, Plaintiff has provided fully executed consent forms to Defendants for all parent declarants except one.

## VI.   SPECIAL PROCEDURES

Plaintiff does not request any special procedures at this time. As discussed at the FRCP Rule 26(f) meeting and set forth in the related Report, Plaintiff is open to a settlement conference with the Magistrate Judge.

## VII.   RELATED CASES

In 2014, Plaintiff sued Defendant DHS pursuant to 42 U.S.C. § 1983 based on allegations that its policy not to cover medically necessary ABA services for Medicaid recipient children and young adults with Autism violated its EPSDT mandate. *J.E. v. Wong*, Case No. CV14-00399 HG-KJM. Plaintiff prevailed in that case and this Court directed DHS to notify Medicaid recipients (i) that ABA is a covered service when medically necessary pursuant to the EPSDT mandate, and (ii) how to obtain such coverage. *Id.*, Order, 2016 WL 4275590, at *10, 15, 17 (D. Haw. Aug. 12, 2016). Part of this current case involves allegations of DHS's ongoing failure to adequately notify parents of Medicaid recipient children with Autism how to access medically necessary ABA services during the school day.

Plaintiff is not aware of any other related cases at this time.

DATED: Honolulu, Hawai`i, January 18, 2019.

    /s/ Maile Osika
PAUL ALSTON
KRISTIN L. HOLLAND
MAILE OSIKA
GEORGE TRAN
LOUIS ERTESCHIK
Attorneys for Plaintiff