```
 1                IN THE UNITED STATES DISTRICT COURT

 2                     FOR THE DISTRICT OF HAWAII

 3
     Hawai`i Disability Rights      ) CV 18-00465 LEK-RLP
 4   Center, in a representative    )
     capacity on behalf of its      )
 5   constituents,                  ) Honolulu, Hawaii
                                    ) March 8, 2019
 6              Plaintiff,          )
                                    ) STATUS CONFERENCE
 7      vs.                         )
                                    )
 8   Christina Kishimoto, in her    )
     official capacity as           )
 9   Superintendent of the State    )
     of Hawai`i, Department of      )
10   Education; and Pankaj          )
     Bhanot, in his official        )
11   capacity as Director of the    )
     State of Hawai`i, Department   )
12   of Human Services,             )
                                    )
13              Defendants.         )
                                    )
14

15                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE LESLIE E. KOBAYASHI
16                   UNITED STATES DISTRICT JUDGE

17   APPEARANCES:

18   For the Plaintiff:        MAILE OSIKA, ESQ.
                               KRISTIN HOLLAND, ESQ.
19                             Dentons US LLP
                               1001 Bishop Street 18th Floor
20                             Honolulu, Hawaii 96813

21
     For the Defendants:       SKYLER CRUZ, Deputy
22                             RYAN M. AKAMINE, Deputy
                               State of Hawaii
23                             Department of the Attorney General
                               425 Queen Street
24                             Honolulu, Hawaii 96813

25
```

```
 1   APPEARANCES:

 2
     Official Court Reporter:  Debra Read, CSR CRR RMR RDR
 3                             United States District Court
                               300 Ala Moana Boulevard
 4                             Honolulu, HI 96850
                               readit3949@gmail.com
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT).
```

UNITED STATES DISTRICT COURT

```
 1   FRIDAY, MARCH 8, 2019                              10:32 A.M.
 2              THE COURTROOM MANAGER:  Civil 18- -- Civil No.
 3   18-00465 LEK-RLP, Hawaii Disability Rights Center versus
 4   Christina Kishimoto and Pankaj Bhanot.
 5        This case has been called for a status conference.
 6        Counsel, please make your appearances for the record.
 7   Please speak into a microphone.
 8              MS. OSIKA:  Good morning, Your Honor.
 9        Maile Osika and Kristin Holland for plaintiff.
10              THE COURT:  All right.  Good morning to both of you.
11              MR. CRUZ:  Good morning, Your Honor.
12        Skyler Cruz and Ryan Akamine for defendants.
13              THE COURT:  All right.  Good morning to both of you
14   as well as.
15        So who would like to update me?  I think you folks have
16   been conducting discovery and it's my understanding that there
17   may be a discovery dispute that's currently before the
18   magistrate judge, and be helpful for me to know what the status
19   is with regard to that.  So who would like to give me an
20   overview?
21              MS. OSIKA:  Sure.  Your Honor, I'll take a stab at
22   that and then Skyler can supplement.
23              THE COURT:  Okay.  Very good.
24              MS. OSIKA:  So we held depositions as the Court
25   ordered at the last status conference.  Those were about two
```

1  weeks ago.  And -- and both parties have the transcripts.
2      We also had a Rule 16 scheduling conference with Judge
3  Puglisi and a trial date has been set.
4      And currently, yes, there is a pending discovery dispute
5  regarding certain documents on a privilege log listed by
6  Defendant Department of Human Services, and it's with regard to
7  a specific privilege claim, and that those briefs were
8  submitted by letter briefing on Friday.
9          THE COURT:  Okay.  And is that discovery something
10 that the plaintiffs believe they need before any hearing is
11 held on --
12         MS. OSIKA:  No, this is general discovery.
13 These -- this -- these documents were produced in response to
14 regular discovery document requests.
15         THE COURT:  Okay.
16         MR. CRUZ:  I believe counsel's representation is
17 accurate.  The magistrate judge has not given any indication at
18 this time as to when he intends to rule on that dispute or
19 whether he intends to hold a conference to further discuss it
20 before going.  So we're waiting to hear from the magistrate on
21 that.  But as counsel represented, it shouldn't have -- that
22 discovery dispute and the disputed discovery shouldn't have any
23 impact on the Court's ability to proceed on the preliminary
24 injunction hearing motion.
25         THE COURT:  Okay.  So with regard to the preliminary

1   injunction hearing, I am -- I'd like to hear from you folks as
2   to whether we even should go forward with it, what's the
3   necessity to do so.  You know, a lot of time has passed since
4   the motion was originally filed.  You have a trial date now.
5   I'm sort of not seeing why we need to go forward with the
6   preliminary injunction motion.
7             MR. CRUZ:  If I may, Your Honor, to answer your
8   question?  I would agree with Your Honor, so much time has
9   passed.  I think at this point it's pretty clear there's no
10  imminent harm, no benefit to having the Court rule on a
11  preliminary basis at this point.
12       I think it would be much better for the parties to fully
13  engage in discovery and put this matter before the Court with a
14  complete, you know, discovery record so that the Court can make
15  a more informed ruling as to these issues.
16       As Your Honor points out, a lot of time has already
17  passed.  The original hearing date was January 8th of this
18  year.  We're already in -- I believe today is March 8th?  And
19  given -- depending on the Court's availability, but given what
20  the parties would have to do to submit declarations and
21  exhibits in order for a preliminary injunction hearing would, I
22  would imagine, put our hearing at least two to four weeks from
23  now.  And again, at that point we're looking at early April.
24          So it's our position that the Court should vacate the
25  hearing date in its entirety and the parties should proceed in

1   discovery and put this matter before the Court after the

2   parties have had an opportunity to complete discovery.

3           THE COURT:  All right.

4           MS. OSIKA:  Well, we entirely disagree with that

5   position.  As stated in our original brief, their -- the

6   current policies of both the departments are resulting in

7   imminent harm and ongoing harm to these students.

8       I mean, there have been -- and based on the depositions we

9   took, it seems there have been some changes of the department

10  with regard to guidance or policies and what's going on on the

11  ground, but we're still getting reports from all of the parents

12  who submitted testimony that their kids are not getting the

13  services.

14      And I don't think there's any reason why we should wait an

15  entire year while these kids are not getting the services that

16  they need, which includes medically-necessary services that

17  they're just flatly not receiving during the school day for --

18  you know, for a whole 'nother year.

19          THE COURT:  Okay.  I don't see the imminent harm.

20  We've been two months.  You folks are doing discovery.  I

21  assume the discovery's going to have to update the motion.  So

22  I'm going to dismiss the motion for preliminary injunction

23  without prejudice to refiling.

24      If you can demonstrate imminent harm and if you can

25  supplement your filing with the discovery that you've done, I'm

1  certainly willing to take a look at it.  But at this point, you
2  know, I haven't heard anything other than the claim of imminent
3  harm, but my understanding of what that specifically is I'm at
4  a loss to articulate from what's been submitted.
5      So -- so I'm dismissing the motion without prejudice and
6  subject to refiling, you know, if you do have, you know, an
7  evidentiary basis to which to support an argument of imminent
8  harm, then I'll take it up at that point and schedule the
9  hearing accordingly.
10     But what you folks proposed in your letter brief really is
11 a trial on the ultimate issues, and, you know, a preliminary
12 injunction hearing shouldn't be taking, you know, days and
13 days.  I mean, this is basically a bench trial what you guys
14 proposed in your letter brief.
15     I think -- or I hope that with the discovery that you've
16 done, if you do want to proceed by motion for preliminary
17 injunction, then a concentrated, specific course of evidence
18 and points that you want to make with regard to the preliminary
19 injunction I think is your better approach.  Otherwise, we can
20 hold a trial on -- on the issues and have it all, you know,
21 brought forth and presented by both sides, and then the court
22 can make a decision.
23     For the preliminary injunction, I see it as a specific
24 relief because of imminent harm that you want the court to
25 either, you know, force the state to do something or stop doing

1  something, and then we'll take up the other issues, what their
2  legal obligations are under the law as to these students, at
3  the trial.
4      But it seems to me in what you folks are proposing in the
5  letter briefs for the hearing on the motion for preliminary
6  injunction, it's really the trial is the whole thing.  I mean,
7  there's so many, you know, witnesses and so forth and sort of
8  general categories for it, so I think that's more appropriate
9  for a trial.
10     Now, given that, you guys know the case much better than I
11 do.  I only know what you folks have submitted.  You're going
12 through the discovery and the documents and so forth.  But
13 that's my impression from what you folks have submitted to the
14 court.
15     Okay.  Any questions or clarifications that you folks want
16 from the court?
17         MS. HOLLAND:  Your Honor, this is Kristin Holland
18 for the plaintiff.  If I could just add, so you're not denying
19 the motion for preliminary injunction, correct?
20         THE COURT:  Right.  I'm saying that it's not
21 appropriate at this time.  I am denying it, but without
22 prejudice to you folks filing, if you choose to do so -- filing
23 a motion for preliminary injunction.
24     I'm not making a finding that you can't ever show imminent
25 harm.  I'm saying at this point I don't see that there's enough

1    of a allegation and support that I should go forward and hold a
2    hearing on the whole thing and have it fully briefed and so
3    forth.
4         So I am denying it, but I'm denying it without prejudice
5    to you folks filing a motion that at least supports that,
6    because in the submissions that you have to me, like I asked
7    you for the letter briefs and you set forth what you need, it
8    seems to me that you want to try the whole case, all of the
9    issues, as opposed to this issue, really.
10        I mean, the threshold issue for preliminary injunction is
11   you got to show imminent harm, and just if they're not getting
12   services, that's not necessarily imminent harm because then
13   they can get a monetary judgment against the state, saying, you
14   know, Now you need to have 40 hours of therapy sessions, or,
15   Now this child needs to go to a specialized school, private
16   school that state needs to pay for.  So there is a remedy for
17   them to do that.
18        But imminent harm is, you know, if the kid doesn't have
19   oxygen, then he's going to die, or if the tree gets cut down,
20   it's a hundred-year-old tree, we can't ever replace the
21   hundred-year-old tree.  It's not enough to say, Well, the
22   hundred-year-old tree's worth a thousand bucks, so here's a
23   thousand bucks; you're fully compensated.  It can't be
24   compensated by money, right?  So that's the whole idea behind
25   that.

1        So I just see generally that you folks in submitting all

2   of these witnesses and things, you kind of want to try the

3   entire allegations that you have made in your complaint as

4   opposed to specifically as to what you want the preliminary

5   injunction for.

6            MS. HOLLAND:  We are not seeking damages in this

7   case, so we're only seeking injunctive relief on behalf of the

8   HDRC, and the preliminary injunction, my understanding, is of

9   course we need to demonstrate irreparable harm, but the

10  testimony that's provided at the preliminary injunction hearing

11  can actually be used at the trial and can streamline the trial.

12       And the irreparable harm is that the students who are

13  affected by the policies that are violations of their civil

14  rights are currently faced with either going to public school

15  and not receiving medically-necessary ABA services, or not

16  going to public school and foregoing that right.

17       So I am -- I am -- and if you are denying -- if the Court

18  is denying the motion, I -- without -- without actually even a

19  hearing -- we haven't had a hearing where we have been able to

20  present, even in terms of argument, the motion.  So there's the

21  hearing -- the evidentiary hearing where witnesses would come

22  and testify.

23       I'm wondering if the Court would be open to having a

24  hearing where we come prepared to argue the motion and perhaps

25  we can streamline our witnesses for an evidentiary hearing, if

1   that is necessary.

2        But it -- I want -- I just want to clarify whether the

3   Court has denied the motion on its merits without prejudice or

4   something else, just so we can make sure that we are -- if we

5   refile it, we know exactly how to address that, and if we take

6   other courses, we know exactly which ones are on the table.

7            THE COURT:  Okay.  First of all, just because you

8   haven't asked for damages doesn't mean that you've shown

9   irreparable harm.

10       Second of all, you folks are the ones who wanted to do

11  discovery before you wanted to proceed with the motion.  So if

12  you want to do discovery first before you proceed with the

13  motion, you can't show me irreparable harm 'cause you waited

14  two months.  How irreparable can it be if you wait two months?

15       Third of all, you folks submit these letter briefs for me

16  and you have very vague generalized categories for tons of

17  witnesses, not all which are addressing irreparable harm.

18  You're talking about policy.  You folks -- you know, obviously

19  you're going to have, you know, parents talk about, you know,

20  the harm to their children, so that's fine with regard to it.

21  But you have, for instance -- let's see -- you have Amanda

22  Kelly who is a licensed behavioral analyst and private applied

23  behavioral analysis provider in Hawaii anticipated to testify

24  without limitation on the effectiveness of ABA for students

25  with autism.

1      I'm not here to show that -- you know, that there are
2 certain services that aren't being provided to them.  I have to
3 know what's the irreparable harm if they don't get these
4 services?  Whether or not they're being offered or not is going
5 to be a fact, right?  And whether or not they've been requested
6 or denied is a fact.  So you have to show the irreparable harm
7 with regard to each of the students who have not received those
8 services.
9      So, you know, you put, "Efforts to address and resolve
10 these issues to advocacy and legislative process."  How does
11 that show irreparable harm that they made efforts to lobby and
12 have all of these included?  I mean, I don't want to sit here
13 and listen to it for four hours about what ABA is and how she's
14 gone to the legislature and lobbied and everything.  I fail to
15 see what the point is with regard to irreparable harm.
16      So if these kids are in public school and their parents
17 say, "They're in public school.  They've had, you know, a
18 education plan.  They're recognized to have these certain types
19 of conditions and needs.  We've advocated for these -- this
20 course of treatment and services; it's been denied," okay,
21 that's a fact.  That's fine.  And then what's the irreparable
22 harm because they didn't get it?  What if they get it next
23 year?  What's the difference between them not getting it in
24 January of 2019 versus January of 2020?  I mean, that goes to
25 the irreparable harm.

1     I don't want to hear six hours of lobbying efforts to get
2  this type of behavioral.  That's the trial, right?  That's the
3  trial with regard to that, that DOE is -- is ignoring
4  scientifically-acceptable educational processes and treatments.
5  Okay.  I get that.  That's the trial level.
6     But the preliminary injunction is very narrow.  It has to
7  do with irreparable harm, imminent irreparable harm, right?
8  Irreparable harm, yes, it can't be ameliorated by money
9  damages, so you have to show that.  But you actually have to
10 show an imminency, like, you know, why -- if we wait in that
11 year or two and have the trial on it, you know, what's the
12 imminent harm that we're going to do that these -- these
13 students if they don't get it in 30 days?
14    So what makes me wonder is it's been two months since you
15 guys filed that, right?  And, you know, you guys are the ones
16 when we brought in the status conference, What do you want to
17 do?  How do you want to have these hearings?  We want to do
18 discovery first.  So how imminent can it be is my issue.
19    So if you want to refile, I'm happy to hear a basis, but
20 you have to, you know, show at least, you know, some basis that
21 it's imminent as opposed to everything that you've alleged in
22 your complaint.  That's where I'm coming from.
23         MS. HOLLAND:  Ms. Kelly would testify about the
24 irreparable harm that's associated with delaying for a year or
25 another month, frankly --

```
 1                THE COURT:  Okay.  Where is that in your letter?
 2   Show me where it is.
 3                MS. HOLLAND:  I don't think that's in a letter.
 4                THE COURT:  Yeah.  So that's what I mean.  That's
 5   why I asked you guys to submit the letter so I have an idea not
 6   only how long it's going to be, but this tells me what you want
 7   to do at trial, which is fine, we can do a trial.
 8        My issue with you folks is why do we need a preliminary
 9   injunction hearing?
10                MS. HOLLAND:  I would just refer to our briefing on
11   that, but I understand what you're saying, Your Honor, that the
12   letter indicates a lot of witnesses on a broad range of topics.
13   We could streamline the list of witnesses, but what I'm hearing
14   from the Court is you don't see irreparable harm based on our
15   briefing as well.
16                THE COURT:  Correct, imminent irreparable harm.
17                MS. HOLLAND:  Okay.  We did not file a TRO, a
18   temporary restraining order, at the outset because we didn't
19   want this to be, you know, on that timeline, and because there
20   had been efforts that we described in our papers about attempts
21   to influence the DOE policy through other means besides this
22   court action that had taken a while and taken a couple years,
23   frankly.  So -- so we sought a preliminary injunction to get
24   the policy changed pending a trial, and we agreed to a trial
25   date assuming that the preliminary injunction would be heard
```

1  earlier.

2  So we may need to seek to advance the trial, frankly,

3  because it is irreparable harm to the students who are in key

4  development windows, and this is in our papers.  There's an age

5  range at which this therapy is most effective.  To wait another

6  entire year to have redress at -- in the court.  And the

7  reason -- I'm sorry about the microphone -- the reason

8  Ms. Kelly and others, Lou Erteschik of the HDRC organization,

9  testified about legislative efforts was because we wanted to

10 show the Court that this was a case of almost last resort for

11 the people affected and that all the other avenues had been

12 attempted and tried and failed.

13 And so the parents, all of the parents who are not parties

14 and their children who are affected by this, we added those,

15 and that adds to our number of witnesses so that we could help

16 the Court see real-life examples of the irreparable harm to

17 families and to their student caused by these policies.

18 And so that's -- that's why it looks like it's a lot and

19 it looks like it's the whole trial.  But I -- under the rules,

20 the testimony at the PI hearing would not need to be repeated

21 at trial, and it is urgent to the families to get the relief

22 they can receive.

23 So -- but I do -- I do hear what the Court is saying and I

24 understand our letter brief did not repeat -- it did not repeat

25 everything that was in the papers.  The papers were filed a

1 while ago.

2 I don't think there would need to be additional briefing 3 before the hearing. The only thing that -- and we only sought 4 limited discovery. We sought 90-minute depositions of the 5 person with the -- with knowledge on certain key topics just to 6 isolate What is your current policy? And we did that -- that's 7 really it. Then we served some discovery requests, some 8 document requests that we know based on our own experience we 9 should serve early because they often take a long time just 10 when you're working with state agencies to gather documents. 11 But we don't need those before the PI hearing. We don't need 12 the discovery dispute resolved before the hearing.

13 And the depositions that we took were taken very close to 14 the first date of availability for the witnesses. We delayed 15 them by one week because of some scheduling issues on our side 16 or anticipating it was two weeks, but we took them in a 17 targeted way as soon as we could or very closely to as soon as 18 we could, anticipating that there would be this hearing.

19 So, but, you know, I wanted to make that point for the 20 record. I understand and appreciate the Court's position as 21 well.

22             THE COURT: Right. So maybe you misunderstood what 23 I meant by the letter briefs, though. So the letter briefs 24 were to supplement your motion, to basically pinpoint like how 25 were you -- what did you want to prove at the hearing. And

1  what I got back was what you basically want to prove for your
2  trial.  So I don't see that there's a need for a preliminary
3  hearing -- preliminary injunction hearing, you know.
4     And I understand what you're saying strategically what you
5  wanted to do with regard to that, but, you know, two months
6  have gone by, you know.  So if there's this irreparable harm
7  that you need an injunction -- and I understand the difference
8  between a TRO and a preliminary injunction.
9     So like I said, if you want to take that information that
10 you've gotten in discovery and you want to file a motion for
11 preliminary injunction, that's fine; go ahead, you know.  Or if
12 you want to move up the trial date, be my guest with regard to
13 that.  I'm happy to entertain that as well.
14     But, you know, if -- so if you filed it, you know -- you
15 know, by next month, then we probably can have a preliminary
16 injunction hearing, you know, this summer.  So, you know, I
17 leave that up to you folks what you want to accomplish.
18     But my concern is in the letter briefs I think it was
19 really apparent that you folks, you know, sort of saw this as
20 the whole trial.  In other words, it was this huge
21 scope -- it's not only the number of witnesses.  And like I
22 said, I understand why the parents would be involved 'cause
23 they're going to talk about their children, you know, their
24 experiences, you know, with the education plan and all of that
25 stuff and how it affects their kids or what services were

1  denied and how it affects their kids.  So I totally understand
2  that part of it.
3       But everybody else that you put on it, you know, and the
4  legislative process and all of that stuff, that doesn't go to
5  the preliminary injunction, that goes to the trial with regard
6  to the issues you folks have raised.  So if that's the case
7  then, you know, I don't think that you need a hearing for a
8  preliminary injunction and you haven't sort of demonstrated
9  that.
10      I specifically asked you folks to give me a letter brief
11 with regard to the hearing, what you intended to prove, and
12 what I got back was basically you wanted to prove your
13 complaint.  So do that at trial.  That's fine, you know.  But
14 I'm not going to give you that much of my time in this court
15 for you to basically try your case rather than try this limited
16 issue with regard to the preliminary injunction unless you guys
17 are going to be focussed with regard to that, quite frankly.
18      Okay.  Any other clarifications?
19           MR. CRUZ:  Your Honor, as I understand your ruling
20 today, you're denying the motion for preliminary injunction
21 without prejudice to them filing.
22           THE COURT:  Yes, correct.
23           MR. CRUZ:  As an ancillary matter to that, we had
24 discussed with plaintiffs' counsel a possibility of an early
25 settlement conference after the Court ruled on the preliminary

1   injunction hearing.  Since that at this time is not going to be
2   happening, in terms of following up on that early settlement
3   conference, would you suggest that we do that with Your Honor
4   or with the magistrate judge?
5           THE COURT:  Early settlement conference?  Because
6   I'm going to be making the decision on this, it's not
7   appropriate for me to hold the settlement conference, so you
8   would do that with Judge Puglisi.
9           MR. CRUZ:  Okay.  Thank you, Your Honor.
10          THE COURT:  Yeah.  Okay?  Any other questions?
11      All right.  Thank you very much.  We're adjourned.
12          MS. OSIKA:  Thank you, Your Honor.
13          (Proceedings concluded at 10:55 A.M.)
14
15
16
17
18
19
20
21
22
23
24
25

1        COURT REPORTER'S CERTIFICATE

2

3            I, DEBRA READ, Official Court Reporter, United

4   States District Court, District of Hawaii, do hereby certify

5   that pursuant to 28 U.S.C. §753 the foregoing is a complete,

6   true, and correct transcript of the stenographically reported

7   proceedings held in the above-entitled matter and that the

8   transcript page format is in conformance with the regulations

9   of the Judicial Conference of the United States.

10

           DATED at Honolulu, Hawaii, March 16, 2019.

11

12

13            */s/ Debra Read*

14            DEBRA READ, CSR CRR RMR RDR

15

16

17

18

19

20

21

22

23

24

25