

DAVID Y. IGE
GOVERNOR

CLARE E. CONNORS
ATTORNEY GENERAL

DANA O. VIOLA
FIRST DEPUTY ATTORNEY
GENERAL

STATE OF HAWAII
DEPARTMENT OF THE ATTORNEY GENERAL
CIVIL RIGHTS LITIGATION DIVISION
425 QUEEN STREET
HONOLULU, HAWAII 96813
(808) 586-1494
Fax (808) 586-1369

LETTER

October 30, 2020

*Via Email*
The Honorable Judge Leslie E. Kobayashi
United States District Court
District of Hawaii
300 Ala Moana Blvd. C-338
Honolulu, HI 96850

    Re:    Hawaii Disability Rights Center v. Kishimoto, et al.
              Civil No. 18-CV-00465 LEK-WRP

Dear Judge Kobayashi:

      This joint letter brief is submitted at the Court's direction to satisfy the meet-and-confer requirements of LR7.8 following the October 23, 2020 hearing on Defendants Christina Kishimoto and Pankaj Bhanot's (collectively, "Defendants") Motion for Summary Judgment ("Motion"). The parties met via Zoom on October 26, 2020 regarding Defendants' argument that Plaintiff Hawaii Disability Rights Center's ("HDRC") claims alleging violations of the Individuals with Disabilities Education Act ("IDEA"), Americans with Disabilities Act ("ADA"), and Rehabilitation Act ("RA") cannot be enforced through 42 U.S.C. § 1983 ("Section 1983"). Defendants proposed that HDRC dismiss those claims. HDRC proposed that Defendants allow HDRC leave to amend or to allow HDRC to seek leave to amend in order to assert claims directly under the statutes. Neither party agreed to the other's proposal. The parties were unable to reach a resolution. Although this is a joint submission, the parties dispute the appropriate content for this letter brief. HDRC believes that the Court invited further briefing on the Section 1983 issue and that the parties are expected to resolve between themselves the best way to further brief this issue within the 3-page limit set by the Court. HDRC's position was to allocate an equal share of the letter for the parties to discuss their respective positions. Defendants disagreed and the parties were unable to reach an agreement as to the scope of this letter brief. Thus, the following represents the parties' separately stated positions.

HDRC's Position

      HDRC's claims for substantive violations of ADA, RA, and IDEA are sufficient and should not be ruled on or granted summary judgment simply because of extraneous references to Section 1983 in its Complaint. The Section 1983 references may be stricken or disregarded

because the pleading adequately asserts direct statutory claims and "[p]leadings must be construed as to do justice." FRCP 8(e). Moreover, a pleading deficiency can be easily remedied by amendment under FRCP 15. See FRCP 1 (Rules should be construed and administered "to secure the just, speedy, and inexpensive determination of every action"). HDRC should be allowed to: (a) proceed on the claims on their merits under the substantive statutes as in Prot. & Advocacy For Persons With Disabilities v. Armstrong, 266 F.Supp.2d 303, 313 (D. Conn. 2003), or (b) amend its Complaint to remove the Section 1983 references from Counts I, II, and IV.

Defendants do not assert an affirmative defense on the Section 1983 issue in their Answer, or in any prior filings or disclosures, and have not sought leave to amend. Dkt. 18 (Defendants' Answer). Defendants also did not raise this issue in opposing HDRC's motion for a preliminary injunction in December 2018 (Dkt. 16), in its scheduling conference statement in January 2019 (Dkt. 34), or at any other point prior to the Motion. The Court's deadline to amend the pleadings closed in September 2019 (Dkt. 91, ¶ 5) and Defendants delayed raising this issue until just a few months ago. As such, HDRC had **no notice** that Defendants challenged the sufficiency of HDRC's pleading for its claims brought under Section 1983 until Defendants filed their Motion on July 29, 2020. See Dkt. 88-1. With sufficient and timely notice of this alleged pleading deficiency, HDRC could have sought leave to amend well within its window to do so. Further, the LR7.8 meet and confer on this Section 1983 pleading deficiency issue took place **after** Defendants' Motion was fully briefed, **after** oral argument was held, and **after** the Court announced its inclinations for its ruling on the issues. The meeting did not serve the purpose of LR7.8, which is to "discuss thoroughly . . . the substance of the contemplated motion and any potential partial or complete resolution" which may eliminate the need for a motion. See LR7.8.

HDRC should be allowed to pursue its substantive claims for statutory violations on the merits. See Opp. at n.14. Mere technical deficiencies, such as extraneous Section 1983 references, should not prevent a meritorious action from going forward. See Grisham v. Philip Morris, Inc., 670 F.Supp.2d 1014, 1022–23 (C.D. Cal. 2009). This argument was construed by Defendants in their Reply (Dkt. 114 at 19) and the Court at the hearing on the Motion as a request by HDRC for leave to amend pursuant to FRCP 15(a). Issues raised in opposition to a motion for summary judgment may be properly construed as a request for leave to amend pursuant to FRCP 15(a) without a separate motion. See Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014); Day v. LSI Corp., 174 F.Supp.3d 1130, 1152 (D. Ariz. 2016), aff'd, 705 Fed.Appx. 539 (9th Cir. 2017). And the Ninth Circuit has an extremely liberal standard allowing amendment. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). HDRC disagrees with Defendants' position on Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). Vinson involved Section 1983 claims by an individual against a state official in the official's **individual** capacity, which is clearly distinguishable from this case.

Last, there would be **no prejudice** to Defendants if HDRC were allowed to proceed on the substantive claims or amend its Complaint to the same ends. The substantive claims for violations of the underlying statutes would remain **exactly the same**, there would be no impact on the scope of discovery, the parties would not change, and the type of relief would remain the same. During the meet and confer, HDRC's counsel urged Defendants to articulate the actual prejudice they allege they would suffer, but Defendants' counsel refused. Absent actual

The Honorable Judge Leslie E. Kobayashi
October 30, 2020
Page 3

prejudice, leave to amend is appropriate here. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

<u>Defendants' Position</u>

Defendants' position is that the Court did not invite the parties to submit supplemental briefing with respect to the Motion and that the parties were not required to discuss their arguments regarding the merits of HDRC's request for leave to amend because that goes beyond the scope of LR7.8. However, Defendants' are compelled to present their position in light of Plaintiff's insistence that further briefing is required.

The LR7.8 resolution that Defendants seek from HDRC is the dismissal of its claims alleging violations of the IDEA, ADA, and RA because it is well-settled in the Ninth Circuit that Section 1983 does not authorize actions predicated on violations of those statutes. <u>See, e.g.</u>, <u>Blanchard v. Morton Sch. Dist.</u>, 509 F.3d 934, 938 (9th Cir. 2007); <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1156 (9th Cir. 2002). HDRC's position was clearly asserted at the hearing on the Motion. Counsel for HDRC stated that they were aware of <u>Vinson</u> at the time the Complaint was filed, but that HDRC brought its claims under Section 1983 anyway because it believed that, as a Protection and Advocacy ("P&A") organization, the <u>Vinson</u> holding was inapplicable.

At the meet-and-confers held before the Motion was filed, HDRC similarly argued that the IDEA's exhaustion requirement is inapplicable because HDRC is a P&A and rejected Defendants' proposal to voluntarily dismiss its claims on that basis. Thus, even if Defendants had informed HDRC of their Section 1983 argument at the meet-and-confers held before the Motion was filed, there is no reason to believe that HDRC would have agreed to voluntarily dismiss its IDEA, ADA, and RA claims or that as a result of Defendants raising the issue prior to filing the Motion, HDRC would have sought leave to amend its Complaint. Moreover, at the meet-and-confers held before the Motion was filed, HDRC in fact broached the possibility of amendment and Defendants reminded HDRC that the deadline for amendments had long passed.

HDRC's present request for leave to amend its Complaint should not be entertained. At the outset, HDRC made a strategic decision to bring its ADA and RA claims under Section 1983 knowing about the Ninth Circuit's holding in <u>Vinson</u>. HDRC's claim that the argument in Defendants' Motion came as a surprise or that HDRC would have plead its claims differently is disingenuous. Defendants note for the Court that the deadline to seek leave to amend the Complaint was set under the original Rule 16 Scheduling Order on January 28, 2019, and expired on September 6, 2019, <u>see</u> ECF No. 39, and was not extended by any of the subsequent scheduling orders, <u>see</u> ECF Nos. 71, 83, 91. Finally, with dispositive motions, discovery deadlines, and trial fast-approaching, leave to amend would be highly prejudicial to Defendants.

Sincerely,

*Skyler Cruz* (signature)
Skyler G. Cruz

cc:   HDRC's Counsel (via email)

812965_1.DOC